### GILLEN v. BABCOCK.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

Appeal from Kings county court.

Action by James F. Gillen against Hamlin Babcock. There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Robert L. Harrison,* for appellant. *J. Stewart Ross,* for respondent.

BARNARD, P. J. The plaintiff, under two several contracts with the defendant and others, furnished material and paved, graded, and guttered a section of Himrod and Stanhope streets in the city of Brooklyn. The amounts of each of the persons who had the work done were severed by the agreements. The plaintiff sought to enforce a lien as against the Babcock property, but failed to prove title on the trial, and the relief by enforcement of lien was denied. The case then became one of contract under chapter 342, Laws 1885, § 15, and the question tried was whether the plaintiff had performed the same. The contracts were to be executed by the plaintiff under plans and specifications of the department of city works. The work under each of the contracts was accepted as completely performed by the plaintiff. Some question was made as to the gutter stones being of less than the contract length, also that the paving was done with small, inferior stones. Proof was given that the work was done under direction of the city engineer; that there were short gutter stones used at the corners of necessity; that the work was done in accordance with the usage of the city works department; and that it was well and sufficiently done. The question of fact was properly disposed of at the trial. The judgment should therefore be affirmed, with costs.

---

### BOARD OF HEALTH v. VALENTINE.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

Appeal from circuit court, Westchester county.

Action by the board of health of the village of New Rochelle against Eugenia Valentine to recover a penalty imposed by plaintiff for non-compliance with its regulations, and for failing to abate a nuisance. There was a judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles H. Noxon,* for appellant. *Charles H. Young,* for respondent.

PRATT, J. None of the exceptions have any merit. The charge of the judge was not excepted to. The questions are all settled by the previous decision, reported 11 N. Y. Supp. 112. The case of *Sturgis* v. *Spofford,* 45 N. Y. 446, has no application, for the reason that the statute there construed gave a single penalty of $100, and it was pointed out by the court that it was not given for each offense. Judgment affirmed, with costs.

---

### In re DENTON.

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

On motion for reargument. See 12 N. Y. Supp. 52.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

DYKMAN, J. This is an application for a reargument upon the question respecting the allowance of $500 made by the surrogate to the counsel for the respondent, and it must fail. The question was fully examined when the case was before us, and there was no oversight or misapprehension. Motion denied, without costs.